UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS ORLANDO SANTIAGO,
Plaintiff,

v. CIVIL ACTION NO. 26-11418-MPK

PETER KHOUTIJIAN, et al.,
Defendants.

MEMORANDUM AND ORDER
August 28, 2026

KELLEY, U.S.M.J.

For the reasons set out below, Plaintiff's motion for leave to proceed *in forma pauperis* (#2) and motion for leave to file amended complaint (#7) are ALLOWED. If Plaintiff wishes to prosecute this action, he must, file a second amended complaint.

I. Background.

Luis Orlando Santiago, who is representing himself, initiated this action by filing a complaint (#1) and an application to proceed in district court without prepaying fees or costs (also referred to as an application or motion for leave to proceed *in forma pauperis*). (#2). Plaintiff brings this civil rights action against more than a dozen defendants for their alleged failure to provide medically assisted treatment for substance use disorder while Plaintiff was held in pretrial detention at the Middlesex County Jail and House of Correction.

Plaintiff subsequently filed a motion (#7) for leave to file an amended complaint, a proposed amended complaint (#6), and a notice (#8) of Plaintiff's updated financial status.

II. Motion for Leave to Proceed *In Forma Pauperis* (#2) .

Upon review of Plaintiff's financial disclosures in his application to proceed in district court without prepaying fees or costs (#2) and notice of updated financial status (#8), the court concludes that he has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

III. Motion for Leave to File an Amended Complaint.

Plaintiff filed a notice of filing amended complaint, motion for leave to file an amended complaint, and an amended complaint. (##5-7). Motions to amend pleadings before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure. "A party may amend its pleading once as a matter of course within... 21 days after serving it..." Fed. R. Civ. P. 15(a). Here, Defendants have not been served because summons have not issued. Thus, the court ALLOWS Plaintiff's motion for leave to file an amended complaint. (#7).

IV. Screening of the Amended Complaint.

Because Plaintiff is proceeding without the prepayment of the filing fee, the amended complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(l)-(3). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) ). It must afford the defendants a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995) ). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.* In essence, the complaint must succinctly set forth as to each Defendant what Plaintiff claims they did (or failed to do), where it occurred, when it occurred, and the relief Plaintiff seeks as to each Defendant. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

Because Plaintiff is representing himself, the court will construe his amended complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520-21.

V. Discussion.

Here, the major deficiency with Plaintiff's amended complaint is that it is in the form of a narrative that fails to identify which specific facts are attributed to which Defendant. He combines several different causes of action against multiple defendants. The Federal Rules of Civil Procedure place the onus on Plaintiff to submit a pleading that identifies and sets forth, in an organized fashion, the legal causes of action he seeks to assert against each defendant, and the factual grounds therefore. Here, it is unclear what legal claims are asserted against which defendants, making it difficult for the defendants to file a meaningful response.

If Plaintiff wishes to proceed with this action, he shall file a "second amended complaint." The case caption of any second amended complaint should clearly name each party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section of any second amended complaint, Plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

As an amended complaint completely replaces the original complaint, *see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011), Plaintiff should repeat in the second amended complaint any allegations in the original or amended complaints

that he wishes to be part of the operative complaint. If a second amended complaint is filed, it will be further screened. .

VI. Conclusion.

Accordingly, the court hereby orders:

1. The application to proceed in district court without prepaying fees or costs (#2), is ALLOWED.

2. The motion for leave to file an amended complaint (#7) is ALLOWED.

3. If Plaintiff wishes to prosecute this action, he must, within twenty-eight (28) days of the date of this memorandum and order, file a second amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. Failure to do so may result in dismissal of this action by a District Judge.

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge